[Civ. No. 7892. First Appellate District, Division Two.—May 22, 1931.]

In the Matter of the Estate of JAMES GARTLAND, Deceased. KATHERINE GARTLAND et al., Appellants, v. ANNA G. GARTLAND, as Executrix, etc., Respondent.

Russell P. Tyler for Appellants.

Edgar C. Chapman and Keith R. Ferguson for Respondent.

NOURSE, P. J.—Appeals were taken from the portion of a final decree of distribution which found all the estate to be community property, and from the order allowing a claim of respondent against the estate. The appellants are two sisters of the deceased who were beneficiaries under the will.

James Gartland died November 30, 1927, leaving a will which read: "San Francisco, Feb. 23, 1926. This is my last will and testament. All former wills are revoked. I leave and bequeath Five Thousand Dollars ($5000.00) to my sister Mrs. Gertrude McMahon and Five Thousand Dollars ($5000.00) to my sister Miss Catherine Gartland. Both bequests to be paid them at the rate of $25.00 each monthly. I appoint my dear wife, Anna G. Gartland executrix of my estate to serve without bonds—The balance or residue of my estate I bequeath to my dear wife, Anna G. Gartland (signed) James Gartland." The surviving wife presented a claim for $10,000 for money which she had loaned her husband on February 11, 1926. The probate court allowed the claim for $5,000. The appraised value of the estate available for distribution was about

$17,000, all of which the court found to be community property. After deducting the amount of the claim and dividing the remainder in half to determine the portion of the estate available for testamentary disposition the court awarded to each of the beneficiaries $2,997.96, disregarding the provision of the will that the legacies should be paid in monthly installments.

 The question whether the estate was community or separate property is a simple question of fact. The presumption of law is that it was community. The burden was on the appellants to overcome this presumption by substantial evidence. The probate court found that they had failed to do so and we are in accord with the finding. The Gartlands were married in 1906. The deceased was a stock-broker and at times made considerable money and at other times suffered severe losses. In 1918, by agreement, he and his wife divided the community property by giving Mrs. Gartland a separate credit on the books of the Gartland firm. Her "share" was about $12,000. From that time the speculations of the parties were treated separately and, until the year 1926, each made separate income tax returns, which at times showed large profits. Mrs. Gartland purchased from her own funds the home in which the family lived and, when her husband's firm became involved in financial difficulties in 1926, she mortgaged this home and loaned her husband $10,000, which was not repaid.

Without any evidence to support the assertion, the appellants start with the premise that the deceased *must* have received more property in the division of 1918 than he died possessed of, hence whatever remained must have been his separate property. But, as we have said, there is no evidence to support the premise. Then, again, the evidence is that the deceased was frequently in financial difficulties, at which times his wife came to his aid. These advances were all repaid, except the $10,000 above noted, and it is altogether probable that the estate remaining at the time of his death was the profit deceased made from this loan. In any event, there is no evidence which compels the conclusion that this estate was separate property. This being so, the finding of the probate court must stand.

The appeal from the order allowing respondent's claim against the estate also presents a clear question of fact, but with no conflict in the evidence. Respondent loaned her husband $10,000 to be used in his business following a heavy loss on his part. To raise the money she gave a deed of trust on her separate property. But the parties advancing the funds desired her husband's signature on the trust deed. To accomplish this they had her deed her property to a clerk in the office, who immediately deeded it to herself and her husband in joint tenancy and then both signed the note and trust deed. Respondents insist that the probate court should have allowed the claim in full and we are inclined to the same view. Certainly the appellants are in no position to complain.

The point raised here for the first time that the testimony of the claimant was inadmissible under section 1880 of the Code of Civil Procedure, is not available to appellants. This testimony was all taken without objection and much of it was given under examination by appellants when she was called as their witness.

The decree and order are affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 20, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 20, 1931.